P-SEND
JS-3

United States District Court
Central District of California

| UNITED STATES OF AMERICA vs. | Docket No. | CR05-01210-PA |
|---|---|---|

| Defendant | RALPH'S GROCERY COMPANY | Social Security No. N o n e |
|---|---|---|
| akas: | none | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| NOV | 14 | 2006 |

**COUNSEL** [X] WITH COUNSEL        Lawrence Barcella, Retained
(Name of Counsel)

**PLEA** [X] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDERE [ ] NOT GUILTY

**FINDING** There being a finding/verdict of [ ] GUILTY, defendant has been convicted as charged of the offense(s) of:

Conspiracy, in violation of 18 U.S.C. §371, as charged in Count 1 of the 53 Count Indictment, False Representation of Social Security Number, Aiding and Abetting and Causing an Act to be Done, in violation of 42 U.S.C. § 408(a)(7)(B), 18 U.S.C. § 2, as charged in Count 4 of the 53 Count Indictment, Identity Fraud, Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. §§ 1028(a)(7), 2, as charged in Count 9 of the 53 Indictment, Falsification and Concealment of Material Facts Within Federal Agency Jurisdiction, Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. §§ 1001(a)(1), 2, as charged in Count 21 of the 53 Count Indictment, False Statements and Concealment of Facts Relating to Employee Benefit Plan, Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. §§ 1027, 2, as charged in Count 50 of the 53 Count Indictment

**JUDGMENT AND PROB/ COMM ORDER** The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

It is ordered that the defendant shall pay to the United States a special assessment of $2,000, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $50 million pursuant to 18 U.S.C. § 3663.

Restitution shall be paid in full no later than three business days after the defendant receives notice that the National Labor Relations Board has dismissed the charges against the defendant in case numbers 31-CA-26634-2; 31-CA-26635-2; 31-CA-26637-2; 31-CA-26687-2; and 31-CA-26693-2. The defendant shall deposit the full restitution amount into the bank account opened by the Special Master appointed by the Court to administer the Ralphs Restitution Fund in accordance with the terms of the Plea Agreement in this case. Distribution of the restitution funds shall be performed in accordance with the terms of the Plea Agreement.

It is ordered that the defendant shall pay to the United States a total fine of $20 million, consisting of the following: $4 million on each of Counts 1, 4, 9, 21, and 50. The total fine shall bear interest as provided by law.

Case 2:05-cr-01210-PA   Document 76   Filed 11/27/06   Page 2 of 7   Page ID #:67

USA vs. RALPH'S GROCERY COMPANY                                  Docket No.: CR05-01210-PA

The fine shall be paid in full no later than three business days after the defendant receives notice that the National Labor Relations Board has dismissed the charges against the defendant in case numbers 31-CA-26634-2; 31-CA-26635-2; 31-CA-26637-2; 31-CA-26687-2; and 31-CA-26693-2.

The defendant shall comply with General Order No. 01-05.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Ralphs Grocery Company, is hereby placed on probation for a term of three years on each of Counts 1, 4, 19, 21, and 50 of the 53-Count Indictment, all such terms to run concurrently, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. During the period of community supervision the defendant shall pay the special assessment, the fine and restitution in accordance with this judgment's orders pertaining to such payment;

3. The defendant shall notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the special assessment, the fine and restitution;

4. The defendant shall not commit any federal, state, or local felony offense;

5. In addition to the $50 million restitution payment, the defendant shall pay, or cause to be paid, all fees, costs, and expenses incurred in the operation and administration of the Ralphs Restitution Fund;

6. The defendant shall create, adopt, obtain Court approval of, and implement the following training and compliance programs for its officers, directors, executives, employees, and agents:

    a. A training and compliance program to ensure the defendant's adherence to and compliance with all federal and state laws, rules, and regulations that govern, apply or relate to, bear on, or implicate the defendant's hiring of temporary replacement workers leading up to and during any potential or actual labor dispute involving the defendant and any labor organization that represents any of the defendant's employees;

    b. A training and compliance program to ensure the defendant's adherence to and compliance with all federal and state laws, rules, and regulations that require, or apply or relate to, the inspection, examination, and/or verification of identification of applicants for employment at the defendant's stores, including but not limited to adherence to and compliance with the procedures required to complete INS Form I-9 (Employment Eligibility Verification);

7. These training and compliance programs shall be mandatory for: (1) all persons identified in paragraph 4 of the 53-count Indictment in this case; (2) all of the defendant's Zone Managers and District Managers; (3) all of the defendant's Assistant Zone Managers and Assistant District Managers; (4) all of the defendant's Store Directors; and (5) all of the defendant's Managers of Operations. If at any time during the term of probation, the name or job title of any of these positions changes, this training and compliance program shall be mandatory for all of the defendant's officers, directors, executives, employees, and agents in any such differently-named or differently-titled positions;

8. The defendant shall also create, adopt, obtain Court approval of, and implement a training and compliance program to ensure adherence to, compliance with, and fulfillment of all fiduciary duties owed by the defendant and its officers, directors, executives, employees, and agents, to any and all employee benefit funds, the participants in any and all plans associated with such funds, and the beneficiaries of such participants. This program shall be mandatory for: (1) all of the defendant's officers, directors, executives, employees, and agents who serve as its appointed trustees and alternate trustees to any and all employee benefit funds; and (2) all of the defendant's officers, directors, executives, employees, and agents who owe any fiduciary duties to any employee benefit fund; and

9. All of the aforementioned training and compliance programs shall be implemented at least three times during the term of probation.

Defendant is advised of its right to appeal.

Government's motion to dismiss the remaining counts of the indictment is granted.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

November 22, 2006
Date

PERCY ANDERSON
U. S. DISTRICT JUDGE

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

11·27·06
Filed Date

By _____
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

| | |
|---|---|
| USA vs. RALPH'S GROCERY COMPANY | Docket No.: CR05-01210-PA |

Case 2:05-cr-01210-PA   Document 76   Filed 11/27/06   Page 5 of 7   Page ID #:70

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

| Date | Deputy Marshal |

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

| Filed Date | Deputy Clerk |

---

### FOR U.S. PROBATION OFFICE USE ONLY

Case 2:05-cr-01210-PA   Document 76   Filed 11/27/06   Page 6 of 7   Page ID #:71

USA vs. RALPH'S GROCERY COMPANY                    Docket No.:  CR05-01210-PA

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
         Defendant                                                Date


_____     _____
U. S. Probation Officer/Designated Witness                        Date

# NOTICE PARTY SERVICE LIST

Case No. CR 05-1210 PA     Case Title U.S.A. -v- Ralph's Grocery Company

Title of Document  JUDGMENT AND PROBATION COMMITMENT ORDER

|   | |
|---|---|
|   | Atty Sttlmnt Officer |
|   | BAP (Bankruptcy Appellate Panel) |
|   | Beck, Michael J (Clerk, MDL Panel) |
| X | BOP (Bureau of Prisons) |
|   | CA St Pub Defender (Calif. State PD) |
|   | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
|   | Case Asgmt Admin (Case Assignment Administrator) |
|   | Catterson, Cathy (9th Circuit Court of Appeal) |
|   | Chief Deputy Admin |
|   | Chief Deputy Ops |
|   | Clerk of Court |
|   | Death Penalty H/C (Law Clerks) |
|   | Dep In Chg E Div |
|   | Dep In Chg So Div |
| X | Fiscal Section |
|   | Intake Section, Criminal LA |
|   | Intake Section, Criminal SA |
|   | Intake Supervisor, Civil |
|   | Interpreter Section |
|   | PIA Clerk - Los Angeles (PIALA) |
|   | PIA Clerk - Riverside (PIAED) |
|   | PIA Clerk - Santa Ana (PIASA) |
| X | PSA - Los Angeles (PSALA) |
|   | PSA - Riverside (PSAED) |
|   | PSA - Santa Ana (PSASA) |
|   | Schnack, Randall (CJA Supervising Attorney) |
|   | Statistics Clerk |

|   | |
|---|---|
|   | Stratton, Maria - Federal Public Defender |
|   | US Attorneys Office - Civil Division -L.A. |
|   | US Attorneys Office - Civil Division - S.A. |
|   | US Attorneys Office - Criminal Division -L.A. |
|   | US Attorneys Office - Criminal Division -S.A. |
|   | US Bankruptcy Court |
| X | US Marshal Service - Los Angeles (USMLA) |
|   | US Marshal Service - Riverside (USMED) |
|   | US Marshal Service -Santa Ana (USMSA) |
| X | US Probation Office (USPO) |
|   | US Trustee's Office |
|   | Warden, San Quentin State Prison, CA |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address (include suite or floor):

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk

G-75 (02/05)     NOTICE PARTY SERVICE LIST